☒ FILED  ☐ LODGED

**Mar 25 2022**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

WRITTEN RECORD OF PLEA AGREEMENT
UNITED STATES MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

CASE NO. 21-4119-MJ-01-PCT-CDB

**UNITED STATES OF AMERICA v. JOSEPH DON MOUNT**

**COUNT(S) PLEADING GUILTY TO:**
**Count 4 of the Complaint:** Closures and Public Use Limits- Rim to Rim Group Size Limit, in violation of 36 C.F.R. § 1.5(f), a Class B misdemeanor.

MAXIMUM FINE (36 C.F.R. § 1.3(a)): $5,000.00 per count
MAXIMUM IMPRISONMENT (36 C.F.R. § 1.3(a)): Six (6) Months per count
MAXIMUM PROBATION (18 U.S.C. § 3561): Five (5) Years, Supervised Release not Available
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00 per count

**RULE 11 (c)(1)(C), F.R. Crim. P., STIPULATED SENTENCE:**
**Count 4 of the Complaint:** The defendant shall be placed on two (2) years of supervised probation. In addition to the mandatory and standard conditions of supervision set forth in General Order 17-18, as well as any terms of supervision that the Court deems appropriate, the defendant shall abide by the following supervision conditions (with the specific language of those conditions to be in the discretion of the Court):
1. You shall be banned from all National Parks, National Monuments, and Federal land in Northern Arizona, except to travel through them on federal, state, or local highways.

The parties stipulate and agree that the submission of drug testing under Mandatory Condition #3 shall be suspended. Substance abuse testing shall be in the discretion of the Probation Officer.

Fine, in addition to the mandatory special assessment of $10.00, in the discretion of the Court, but not to exceed $1000.00.

**DISPOSITION OF ADDITIONAL CHARGES:** <u>If the plea and stipulated sentence is accepted by the Court, the United States Attorney's Office agrees that it will: (1) dismiss counts 1, 2, 3 and 5 of the Complaint with prejudice; (2) not file any additional charges pertaining to the facts set forth in the complaint; and (3) not refer the matter to the state or local authorities for prosecution.</u>

**ELEMENTS OF OFFENSE(S):** On or about October 24, 2020, within Grand Canyon National Park, in the District of Arizona:

> **COUNT 4 OF THE COMPLAINT: SUPERINTENDENTS COMPENDIUM- CLOSURE AND PUBLIC USE LIMITS:** Rim to Rim groups in excess of 30 participants are not permitted rim-to-rim through the inner canyon, defined as areas below the Tonto Platform from the South Rim and below Manzanita Resthouse from the North Rim. Groups may not break up into smaller groups to accommodate group size. In violation of: (2019) signed Superintendent's Grand Canyon National Park Compendium (50)(b)); 36 C.F.R. § 1.5(f), a Class B misdemeanor.

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on or about October 24, 2020, within Grand Canyon National Park, in Coconino County, in the District of Arizona, I organized a non-commercial 139-person rim-to-rim hiking group from the North Rim of Grand Canyon National Park, through the inner canyon, and out the South Rim. I did not have a permit for the hike.
>
> Through communications with NPS personnel prior to October 24, 2020, I admit I was made aware of the NPS rim-to-rim size limits which prohibit groups in excess of 30 participants from traveling through the inner canyon.

> I admit that I violated a public use limit regulation enacted by the Grand Canyon Superintendent by organizing a group of hikers in excess of 30 participants.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **Joseph Don Mount**, understand that the above sentencing provision is binding upon the Court if the court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights: to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge

3

my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties have been explained to me, and there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I further understand and agree that, to the extent applicable, any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

/ / / / / /

I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.

_____    3-21-22
Joseph Don Mount                              Date
Defendant

_____    3/23/2022
Ryan Stevens                                     Date
Counsel for Defendant

_____    3/25/22
Patrick J. Schneider                            Date
Assistant United States Attorney

_____    3/25/2022
Camille D. Bibles                                Date
United States Magistrate Judge

✓ _____    ACCEPTED        _____ REJECTED